BETY JAVIDZAD, ESQ. (Bar No. 240598)
bety.javidzad@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Plaintiff, NextGen Leads, LLC

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEXTGEN LEADS LLC,<br><br>Plaintiff,<br>v.<br><br>GEN3VENTURES, LLC and CONNECT ME, LLC,<br><br>Defendants. | CASE NO. '21CV1001 WQHMSB<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Date: May 26, 2021 |

NextGen Leads, LLC ("NextGen" or "Plaintiff") files this action against Gen3Ventures, LLC ("Gen3Ventures") and Connect Me, LLC ("Connect Me"), alleging as follows:

**THE PARTIES**

1. Plaintiff NextGen Leads is a California LLC whose members are citizens of California and Delaware. At all times mentioned herein, NextGen was engaged in the business of offering certain technology, customer service, and advertising support and products.

2. Defendant Gen3Ventures is an Indiana LLC whose members, upon information and belief, are citizens of Indiana.

3. Defendant Connect Me is an Indiana LLC whose members, upon information and belief, are citizens of Indiana.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## NATURE OF THE ACTION

4. This is a declaratory judgment action seeking a determination that NextGen does not infringe any valid or enforceable claim of U.S Patent No. 10,075,592 (the "Patent-in-Suit") under 35 U.S.C. § 271, and that this patent is invalid under at least 35 U.S.C. §§ 101, 102, 103 and 112, and unenforceable in whole or in part due to express or implied license, exhaustion, waiver, and estoppel.

5. On information and belief, Gen3Ventures is the owner by assignment of United States Patent No. 10,075,592, which is entitled "Intelligent call lead generation" and issued on September 11, 2018. A true copy of Patent-in-Suit is attached as Exhibit A.

## JURISDICTION AND VENUE

6. This is a complaint for declaratory relief under the patent laws of the United States, 35 U.S.C. § 1, et seq.

7. NextGen seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202.

9. This Court has personal jurisdiction over Gen3Ventures and Connect Me.

10. Gen3Ventures and Connect Me have conducted business in and directed to California pertaining to the Patent-in-Suit.

11. Gen3Ventures and Connect Me do and have done substantial business in this judicial District and in the State of California, including: (i) selling and offering for sale products within this District; (ii) regularly doing business or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from products provided to residents of this District and in this State; and (iii) regularly doing business and/or conducting enforcement activity pertaining to the Patent-in-Suit in this District and in this State.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, among other reasons, Gen3Ventures and Connect Me are subject to personal jurisdiction in this judicial district, they regularly conduct business in this judicial district, and/or because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES**

13. NextGen is a leading platform to provide leads for persons who may be interested in obtaining additional information and quotes for various types of products and services. In doing so, NextGen has been developing its own click to call concepts and products since at least 2015. NextGen's concepts and products do not directly compete with Gen3Ventures or Connect Me's technology.

14. Click-to-call technology is essentially clicking a button to place a call, and has been used by numerous companies and numerous platforms dating back to the early 2000s. For example, NextGen has been working with Twilio as to click-to-call technology, including click to call concepts and products, since early 2015 ("NextGen Product"). A detailed explanation of click-to-call functionality showing exactly how it works can be found at https://www.twilio.com/docs/glossary/what-is-click-to-call.

15. Gen 3 Ventures and Connect Me have a Connect Me Application. The Connect Me Application uses a platform by third-party Twilio which allows a prospective insurance purchaser to click a button to receive a call and quote from a representative.

16. On or around October 8, 2018, Gen3Ventures and Connect Me had a discussion with NextGen with respect to Gen3Ventures and Connect Me's Connect Me Application.

17. During this discussion, Gen3Ventures and Connect Me threatened NextGen by stating that use of any click-to-call technology by NextGen other than from Gen3Ventures and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Connect Me would result in a suit for patent infringement based on the Patent-in-Suit even if NextGen did not actually infringe the Patent-in-Suit.

18. Gen3Ventures and Connect Me has since attempted to force NextGen to use their product, and only their product, in perpetuity, on the threat that they have a claim for patent infringement.

19. Gen 3 Ventures and Connect Me have further threatened to sue NextGen for patent infringement of the Patent-in-Suit based on NextGen's NextGen product.

20. NextGen wishes to continue to develop its NextGen Product that it had been designing prior to any relationship with Gen3ventures and Connect Me and prior to NextGen's knowledge of the Connect Me Application.

21. NextGen has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the Patent-in-Suit, either literally or under the doctrine of equivalents. Specifically, NextGen's Product does not infringe the Patent-in Suit including at least because NextGen does not practice or cause others to "updat[e], in real time, the transmitted web page in response to the retrieved real-time call status to display information, wherein the displayed information is triggered by progress stages of the first telephone call, the second telephone call, and the merged call."

22. By virtue of the foregoing, a substantial and imminent controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief

**FIRST CAUSE OF ACTION**

**(Declaratory Judgment of Non-Infringement)**

23. NextGen realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

24. NextGen has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of Patent-in-Suit.

25. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26. A judicial declaration is necessary and appropriate so that NextGen may ascertain its rights regarding the Patent-in-Suit.

**SECOND CAUSE OF ACTION**

**(Declaratory Judgment of Invalidity)**

27. NextGen realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

28. The Patent-in-Suit is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

29. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

30. A judicial declaration is necessary and appropriate so that NextGen may ascertain its rights regarding the Patent-in-Suit.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. A declaration that NextGen has not infringed, either directly or indirectly, any valid and enforceable claim of the Patent-in-Suit;
2. A declaration that the claims of the Patent-in-Suit are invalid;

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3. An order declaring that NextGen is a prevailing party and that this is an exceptional case, awarding NextGen its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;
4. That Gen3Ventures and Connect Me be ordered to pay all costs associated with this action; and
5. That NextGen be granted such other and additional relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff NextGen Leads, LLC demands a trial by jury.

Dated: May 26, 2021

Respectfully submitted,

DENTONS US LLP
Bety Javidzad

By: */s/ Bety Javidzad*
Bety Javidzad

Attorneys for Plaintiff
**NextGen Leads, LLC**