UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTGEN LEADS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>GEN3VENTURES, LLC and CONNECT ME, LLC<br><br>    Defendants. | Case No.:  21cv1001 DMS (MSB)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE, AND (2) DENYING AS MOOT DEFENDANTS' ALTERNATIVE MOTION TO TRANSFER VENUE** |

   This case comes before the Court on Defendants' motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and improper venue, or in the alternative, to transfer venue.  Plaintiff filed an opposition to the motion, and Defendants filed a reply.  After thoroughly considering the issues, the Court denies the motion to dismiss for lack of subject matter jurisdiction, but grants the motion to dismiss under the first-to-file rule.  In light of the first-to-file ruling, the Court denies as moot Defendants' alternative motion to transfer.

/ / /

/ / /

1

# I.

# BACKGROUND

Defendant Gen3Ventures, LLC is the owner by assignment of United States Patent No. 10,075,592 ("the '592 Patent"). (Compl. ¶5.) The '592 Patent is entitled "Intelligent Call Lead Generation," and it issued on September 11, 2018. (Compl., Ex. A.) Gen3 and Defendant Connect Me, LLC also have a Connect Me Application, which "allows a prospective insurance purchaser to click a button to receive a call and quote from a representative." (Compl. ¶15.)

On October 8, 2018, Plaintiff NextGen Leads LLC had a discussion with Defendants about their Connect Me Application. (*Id.* ¶16.) NextGen alleges that during this discussion, Defendants "threatened NextGen by stating that use of any click-to-call technology by NextGen other than from Gen3Ventures and Connect Me would result in a suit for patent infringement based on [the '592 Patent] even if NextGen did not actually infringe [the '592 Patent]." (*Id.* ¶17.)

Defendants allege NextGen entered into a Connect Me Application Agreement with Gen3 on October 13, 2018. *See Gen3Ventures, LLC, et al. v. NextGenLeads, LLC*, United States District Court for the Southern District of Indiana, Case No. 1:21-cv-01411-TWP-TAB, ECF No. 1-2 ¶6. Defendants allege NextGen entered into a similar Agreement with ConnectMe on July 26, 2019. *Id.* ¶7.

On May 10, 2021, Gen3 and Connect Me filed a Complaint against NextGen in Marion Superior Court in Marion County, Indiana. *Id.*, ECF No. 1-1. That Complaint alleges claims for breach of the Connect Me Application Agreements and for preliminary injunction. *Id.*

On May 26, 2021, NextGen filed the present case in this Court alleging claims for declaratory judgment of noninfringement of the '592 Patent and declaratory judgment of invalidity of the '592 Patent. Two days later, NextGen removed Gen3 and Connect Me's state court Complaint from Marion County Superior Court to the United States District Court for the Southern District of Indiana. NextGen then filed a motion to dismiss that

Complaint, which motion is currently pending. In the present case, NextGen filed an Amended Complaint, after which Gen3 and Connect Me filed the present motion.

## II.
## DISCUSSION

Gen3 and Connect Me move to dismiss this case for lack of subject matter jurisdiction and pursuant to the first-to-file rule, or in the alternative, move to transfer this case to the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).

**A.     Subject Matter Jurisdiction**

NextGen alleges this Court has subject matter jurisdiction over this case pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201. "A court has subject matter jurisdiction under the Declaratory Judgment Act only if 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1361 (Fed. Cir. 2009) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). "In patent cases, declaratory judgment jurisdiction exists 'where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license.'" *Id.* (quoting *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1377 (Fed. Cir. 2007)). "[A] declaratory judgment plaintiff must show that the dispute is 'definite and concrete, touching the legal relations of parties having adverse legal interest; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at 1362 (quoting *MedImmune*, 549 U.S. at 127).

Here, NextGen alleges that during its October 8, 2018 discussion with Gen3 and Connect Me, Gen3 and Connect Me "threatened NextGen by stating that use of any click-to-call technology by NextGen other than from Gen3Ventures and Connect Me would result in a suit for patent infringement based on the Patent-in-Suit even if NextGen did not

actually infringe the Patent-in-Suit." (Am. Compl. ¶17.) NextGen also alleges Gen3 and Connect Me have "since attempted to force NextGen to use their product, and only their product, in perpetuity, on the threat that they have a claim for patent infringement." (*Id.* ¶18.) NextGen also alleges Gen3 and Connect Me "have further threatened to sue NextGen for patent infringement of the Patent-in-Suit based on NextGen's NextGen product." (*Id.* ¶19.)

Gen3 and Connect Me argue these allegations are insufficient to support subject matter jurisdiction under the Declaratory Judgment Act. Specifically, they assert they have not alleged a claim for patent infringement against NextGen either in this Court or in the Indiana courts, and that the only specific threat alleged in the Amended Complaint was a verbal threat made three years ago before the parties entered into the Connect Me Application Agreements. Numerous cases hold, however, that an actual claim of infringement is not required to support a declaratory judgment action for noninfringement and invalidity. *See*, *e.g.*, *Vanguard Research,. Inc. v. PEAT, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002) (stating "express threat" not required to establish "reasonable apprehension of suit") (citation omitted); *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 811 (Fed. Cir. 1996) ("reasonable apprehension of suit does not require an express charge of infringement and threat of suit"), *overruled in part on other grounds by MedImmune*, 549 U.S. 118. Gen3 and Connect Me also fail to cite any authority to support their argument that a verbal threat is insufficient to support declaratory judgment jurisdiction. The length of time between the alleged initial threat and NextGen's filing of the present case (approximately three years) is a factor the Court may consider in determining whether Gen3 and Connect Me have engaged in an affirmative act related to enforcement of their patent rights, *ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F.Supp.2d 1083, 1087-88 (N.D. Cal. 2013), and if that were the only threat alleged in this case, that passage of time would weigh against a finding that there is a substantial case or controversy. But, that is not the only threat alleged here. Although short on specifics, NextGen also alleges Gen3 and Connect Me have since threatened NextGen with a claim

of patent infringement if it uses a product other than theirs, and also threatened NextGen with patent infringement based on NextGen's product. (Am. Compl. ¶¶ 18-19.) These repeated threats, coupled with Gen3 and Connect Me's filing of a Complaint against NextGen in Indiana, show there is a substantial controversy between the parties "'of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 837 F.3d 1249, 1252 (Fed. Cir. 2016) (quoting *MedImmune*, 549 U.S. at 127). Therefore, the Court denies Gen3 and Connect Me's motion to dismiss this case for lack of subject matter jurisdiction.

**B.     First-to-File Rule**

Next, Gen3 and Connect Me argue the Court should dismiss this case under the first-to-file rule. This rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted). *See also Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir. 1991) (stating first-to-file rule gives federal district courts discretion "to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]")  "The first-to-file rule was developed to serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade*, 946 F.2d at 625 (internal quotation marks and citations omitted). Courts analyze three factors to determine the applicability of the first-to-file rule: (1) "chronology of the lawsuits," (2) "similarity of the parties," and (3) "similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg., Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

    1.     Chronology of the Lawsuits

The first factor, chronology of the lawsuits, "simply requires that the case in question was filed later in time." *Therapy Stores, Inc. v. JGV Apparel Grp., LLC*, No. 4:16-CV-02588-YGR, 2016 WL 4492583, at *4 (N.D. Cal. Aug. 26, 2016) (citations omitted). Here, there is no dispute this case was filed after Gen3 and Connect Me filed their case in Indiana. / / /

### 2. Similarity of the Parties

The second factor, similarity of the parties, "does not require exact identity of the parties." *Kohn Law Grp., Inc.*, 787 F.3d at 1240 (citations omitted). Rather, the first-to-file rule "requires only substantial similarity of parties." *Id.* (citations omitted).

That requirement is met here, as well. NextGen, Gen 3 and ConnectMe are parties to both cases. NextGen's argument that the parties are not identical is contrary to *Kohn Law Grp., Inc.*, and it does not alter this conclusion. Therefore, this requirement is met.

### 3. Similarity of the Issues

The third and final factor requires the Court to consider the similarity of the issues in the relevant actions. As with the party factor, the first-to-file rule does not require identical issues or "exact parallelism," but requires substantial similarity of the issues. *See id.*; *see Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("exact parallelism does not exist, but it is not required. It is enough if the two proceedings are 'substantially similar.'"). In order to determine whether the actions involve substantially similar issues, courts "look at whether there is 'substantial overlap' between the two suits." *Kohn Law Grp., Inc.*, 787 F.3d at 1240.

Here, the Indiana case involves claims for breach of the Connect Me Application Agreements, which are identified in NextGen's Complaint in this case, misappropriation of trade secrets, and infringement of trade dress. This case, by contrast, alleges claims for declaratory judgment of noninfringement and invalidity of Gen3's '592 Patent. NextGen relies on the different legal claims to argue that the issues in each case are "dramatically different," but the Court disagrees with that argument. As NextGen argued in its motion to dismiss the claims for trade secret misappropriation and trade dress infringement, the alleged trade secret "is the subject of and [was] disclosed in" the '592 Patent. *Gen3Ventures*, ECF No. 20 at 2. And, again according to NextGen, the contracts appear to reference, if not cover, the invention described in the '592 Patent. *Id.* at 7. Thus, although the issues in the two cases are not identical, there is a substantial overlap between the cases, which satisfies the third factor of the first-to-file rule.

## III.

## CONCLUSION

Although the Court disagrees with Gen3 and Connect Me's argument that the Court lacks subject matter jurisdiction to hear this case, the Court agrees that the requirements of the first-to-file rule are satisfied here, and that dismissal is warranted pursuant to that rule. Accordingly, Defendants' motion to dismiss is granted, and this case is dismissed without prejudice. In light of this ruling, Gen3 and Connect Me's alternative motion to transfer venue is denied as moot.

**IT IS SO ORDERED**.

Dated: October 22, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court